IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JAMES M. RASH | ) | CASE NO. 5:09CV2197 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE JOHN R. ADAMS |
| v. | ) | |
| | ) | |
| THOMAS L. CRAIG | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| Defendant. | ) | |

Plaintiff *pro se* James M. Rash brings this action under the Employment Retirement Income Security Act (ERISA), 29 U.S.C. § 1001 *et seq*. The action was originally filed in the United States District Court for the Southern District of Ohio and was transferred to this Court on the ground of improper venue. Examination of the complaint shows that Plaintiff alleges that he did not receive benefits due him under a pension plan. As best the Court can discern, Plaintiff alleges that due to some confusion as to his address, he did not receive his December 1985 pension check.

While *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court may dismiss an action *sua sponte* if the complaint is so "implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion" as to deprive the court of jurisdiction. *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999)(citing *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974)). "Pro se plaintiffs are not automatically entitled to take every case to trial." *Price v. Caruso*, 451 F.Supp.2d 889, 893 (E. D. Mich. 2006) (quoting *Pilgrim v. Littlefield,* 92 F.3d 413, 416 (6th Cir.1996)). For the following reasons, the Court finds the claim asserted in this action satisfies these criterion.

ERISA does not contain a statute of limitations for benefit claims. *Rice v. Jefferson Pilot Financial Ins. Co.*, 578 F.3d 450, 454 (6th Cir. 2009). The most analogous state statute of limitations is utilized unless the plan contains a statute of limitations. *Lampf, Pleva, Lipkind, Prupis & Petigrow v. Gilbertson,* 501 U.S. 350, 355-58 (1991); *Rice*, 578 F.3d at 454. The Sixth Circuit has determined that the most analogous state statute of limitations for claims under § 1132 is that for breach of contract. *Preston v. John Alden Life Ins. Co.,* 2006 WL 2010763 * 3 (S.D.Ohio July 17, 2006) (citing *Meade v. Pension Appeals and Review Committee*, 966 F.2d 190, 194-95 n. 4 (6th Cir.1992)).[1] The Ohio breach of contract statute of limitations is fifteen years. *See* Ohio Rev.Code Ann. § 2305.06. *Id*.

Plaintiff asserts that he wants payment of a check that was allegedly sent or should have been sent to him in December 1985, almost twenty-four years ago. The fifteen year statute of limitations has run making this complaint almost nine years late. When there is no controlling statute, a provision in the contract may limit the time for bringing an action that may be less than that provided by a general statute. *Rice*, 478 F.3d at 454. The contract involved in this case, if any, may provide

---

[1] Although Plaintiff has not referred to a specific statute, 29 U.S.C. § 1132 applies to this case and provides in pertinent part:

(a) Persons empowered to bring a civil action

A civil action may be brought--
 **(1)** by a participant or beneficiary--
 **(A)** for the relief provided for in subsection (c) of this section, or
 **(B)** to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan...

for a much shorter statute of limitations. The Court notes that the statute of limitations is an affirmative defense that can be waived if not presented in a responsive pleading. *Stupak-Thrall v. Glickman*, 346 F.3d 579, 585 (6th Cir. 2003). However, the Sixth Circuit has held that *sua sponte* dismissal is appropriate under § 1915(e)(2) when a complaint bears an affirmative defense such as the statute of limitations and is therefore frivolous on its face. *Fraley v. Ohio Gallia Cty.*, 166 F.3d 1213, 1998 WL 789385, at *1 (6th Cir. Oct.30, 1998) (table); *Day v. E.I. Dupont de Nemours and Co.*, 165 F.3d 27, 1998 WL 669939, at *1 (6th Cir. Sept.17, 1998) (table). As the complaint makes clear that it is barred by the statute of limitations, the case is properly subject to dismissal.

Accordingly, this action is dismissed. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.


Date: <u>November 18, 2009</u>         */s/ John R. Adams*
                                JUDGE JOHN R. ADAMS
                                UNITED STATES DISTRICT JUDGE